UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEANNA VELASCO                                                                                        PLAINTIFF

vs.                                                           CIVIL ACTION NO.: 3:12-cv-895-DPJ-FKB

ST. DOMINIC'S HOSPITAL                                                                        DEFENDANT

ORDER

This employment-discrimination matter is before the Court on Defendant St. Dominic–Jackson Memorial Hospital's Motion to Dismiss [4]. The Court, having considered the parties' memoranda and relevant authorities, finds that Defendant's motion should be granted.

I.      Facts and Procedural History

Plaintiff Deanna Velasco was employed at St. Dominic–Jackson Memorial Hospital as lead aesthetician from October 10, 2011, to January 19, 2012. During the months of November and December 2011, Velasco complained to her immediate supervisor, Suzie Foote, that her paychecks were missing retail-sales commissions, high-rate-pay hours, holiday hours, and/or lunch-time hours. Foote did not resolve these pay issues so Velasco went to Foote's supervisor Becky Lowe. After Velasco's meeting with Lowe concluded, Plaintiff claims Foote chastised her and from that point on harassed and retaliated against her, and orchestrated a plan to have her fired.

On January 13, 2012, Defendant gave Velasco a disciplinary form stating that she had seven days to become proficient in Cutera Laser machine/treatment or she would be terminated. Velasco claims the disciplinary form contained false accusations against her. Six days later, on January 19, 2012, Defendant terminated Velasco's employment for making no attempt to receive

1

Cutera Laser training, although Velasco claims that she received one Cutera Laser training session during that period. Defendant replaced Velasco with an aesthetician who also lacked Cutera Laser certification.

Velasco filed a Charge of Discrimination based on retaliation with the EEOC on April 30, 2012, and received her Notice of Right to Sue on May 7, 2012. Velasco filed this lawsuit on August 2, 2012, alleging causes of action for retaliation, harassment, wrongful termination, and violation of Mississippi public policy. The case is now before the Court on Defendant's motion to dismiss. Personal and subject matter jurisdiction exist, and the Court is prepared to rule.

II.     Standard of Review

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Id*. at

2

1950 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.     Analysis

Velasco's Complaint alleges four causes of action: retaliation, harassment, violation of Mississippi public policy, and wrongful termination. Defendant asserts that all four should be dismissed for failure to state a claim.

   A.     Retaliation

Under the familiar *McDonnell Douglas* framework, a plaintiff must initially show a prima facie case of unlawful retaliation. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case, a plaintiff must prove the following elements:

> (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action.

*Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (citation omitted). In this case, Defendant concedes that Velasco sustained an adverse employment action, but disputes whether she ever engaged in protected activity.

An employee engages in protected activity if she either (1) opposes any practice made unlawful by Title VII or (2) makes a charge, testifies, assists, or participates in any manner in an investigation, proceeding, or hearing under Title VII. *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). "An employee's informal complaint to an

3

employer may constitute participation in a protected activity, provided that the complaint is in opposition to conduct that is unlawful, and the employee holds a good faith, reasonable belief of the conduct's unlawfulness." *Clark v. Chickasaw Cnty.*, No. 1:09CV192-SA-JAD, 2010 WL 3724301, at *3 (N.D. Miss. Sept. 16, 2010) (citations and quotation omitted); *see also Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (noting a plaintiff must show she had a "'reasonable belief that the employer was engaged in unlawful employment discrimination'" (quoting *Byers*, 209 F.3d at 428)). Significant to this case, "[c]omplaints to employers that do not complain of conduct protected by Title VII do not constitute protected activities under the statute." *Clark*, 2010 WL 3724301, at *3 (citation and quotations omitted).

As Defendant notes, Velasco avers in her Complaint that she discussed certain pay related issues with her superior, like the exclusion of sales commissions. Pl.'s Compl. [1-2] ¶ 9. But she never suggests that the pay issues were related to her membership in a class Title VII protects. Indeed she makes no allegation of having ever complained about any activity prohibited by Title VII. *See generally* Pl.'s Compl. [1-2] ¶¶ 5–20. Nor does Velasco's response to this portion of Defendant's argument suggest otherwise. In it, she merely argues that Defendant's reason for terminating her employment was pretextual, but she never denies the lack of protected activity. *See* Pl.'s Resp. [6] at 2. Absent protected activity, she cannot establish a Title VII retaliation claim. The claim is therefore due for dismissal.

B.  Harassment

Defendant offers two arguments for dismissing Velasco's harassment claim. First, Velasco failed to exhaust her administrative remedies for this claim. Second, Velasco failed to state a plausible claim for harassment on the face of her Complaint.

Starting with the exhaustion argument, "Title VII requires that parties exhaust administrative remedies before instituting suit in federal court." *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994) (citing 42 U.S.C. § 2000e-5(f)(1). "[A] judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission." *Id.* If a plaintiff's claim cannot reasonably be expected to grow out of a charge, it should be excluded from the litigation. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).

Velasco's EEOC charge states that she was "discriminated against in retaliation in violation of title VII of the Civil Rights Act of 1964, as amended." Pl.'s Compl. [1-2], Ex. A, EEOC Charge. Nowhere does she mention harassment. Velasco claims, however, that she supplemented her charge with the following statement: "Suzie Foote started to retaliate, intimidate and *harass* me when I began to question irregularities in my paychecks." Pl.'s Resp. [6] at 3 (emphasis altered). Whether this supplement is sufficient might be debatable, but the EEOC Charge of Discrimination attached to the Complaint—the only one in the record—includes no such supplement.

Even assuming Velasco properly exhausted her administrative remedies, she still failed to properly plead a Title VII harassment claim. It appears that Velasco envisions a hostile-work-environment type claim.[1] To succeed, she must prove the following elements:

> (1) membership in a protected group; (2) harassment (3) based on a factor rendered impermissible by Title VII; (4) the harassment affected a term, condition,

---

[1] Velasco does not dispute Defendant's characterization of this claim as one for hostile work environment.

or privilege of employment; and (5) the employer knew or should have known of the harassment yet failed to address it promptly.

*Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

Similar to her retaliation claim, Velasco fails to allege in her Complaint that she was harassed because she is a member of a protected class or because she engaged in activity protected by Title VII. And although the hostile-work-environment prima facie case does not amount to a heightened pleading-standard, Velasco has offered no facts sufficient for a plausible inference that she can establish the first or third elements of a Title VII harassment claim. *Raj v. La. State Univ.*, — F.3d —, No. 12-30225, 2013 WL 1703990, at *6 (5th Cir. Apr. 19, 2013) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)). These same two deficiencies remain despite her response to Defendant's motion. Rather than address Defendant's argument, Velasco merely states that her Complaint is specific enough and that Defendant is on sufficient notice. Velasco has failed to sufficiently plead a viable Title VII harassment claim.

  C. Wrongful Termination

Velasco claims that she was wrongfully terminated. But as St. Dominic's observes, "Mississippi is an employment at-will state." *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 852 So. 2d 25, 26 (Miss. 2003). This generally means that "[a]bsent an employment contract expressly providing to the contrary, an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible." *HeartSouth, PLLC v. Boyd*, 865 So. 2d 1095, 1108 (Miss. 2003)

(citations omitted).

Velasco makes no reference to an employment contract in her Complaint or response to the motion to dismiss. So her ability to state a claim depends the existence of an exception to the at-will doctrine. Yet Velasco makes no such arguments, repeating instead her assertion that the reasons offered for her termination were pretextual. That argument cannot overcome the at-will doctrine, which allows employers to terminate employment for even bad reasons. *Id*.

Velasco did, however, plead a claim for "violation of Mississippi public policy," pursuant to *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993). *See* Pl.'s Compl. [1-2] at 4. *McArn* created two exceptions to at-will employment, and though Velasco made no reference to those exceptions in her response, they should be considered. First, "'an employee who refuses to participate in an illegal act as in *Laws* [*v. Aetna Finance Co.,* 667 F. Supp. 342 (N.D. Miss. 1987)], shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer . . . .'" *Kyle v. Circus Circus Miss., Inc.*, 430 F. App'x 247, 250 (5th Cir. 2011) (brackets in original) (quoting *McArn*, 626 So. 2d at 607). Second, "'an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer.'" *Id.* (quoting *McArn*, 626 So. 2d at 607).

Looking to the Complaint, it fails to include allegations sufficient to establish either of these exceptions. And in her response, Velasco never suggests that she refused to engage in an illegal activity or that she was fired for reporting an illegal activity. Thus, the *McArn* exceptions, as alleged in Count IV of the Complaint, are not supported.

D. Leave to Amend

At the end of her response, Velasco includes a request for leave to amend. Pl.'s Resp. [6] at 4. It is generally true that "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id*.

But in this case, the requested leave is not properly before the Court under Local Rule 7(b)(3)(C). And in any event, it does not appear from Velasco's arguments that she can plead a claim under Title VII. Had she engaged in protected activity or been harassed based on characteristics or conduct Title VII protects, then Velasco surely would have addressed those shortcomings once Defendant highlighted them. Her response instead suggests that she cannot cure the defects in the federal claims. That would leave her state-law claims, which would be a matter of discretionary supplemental jurisdiction if they could be cured in an amended pleading. 28 U.S.C. § 1367(a). As such, the Court concludes that leave to amend should not be granted but that dismissal should be without prejudice. *See Hart*, 199 F.3d at 248 n.6.

IV. Conclusion

Velasco has failed to state a claim upon which relief can be granted. The Court has considered all issues raised by the parties, and those not expressly addressed herein would not change the results of this Order. Defendant's Motion to Dismiss is granted and Velasco's claims are dismissed without prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of April, 2013.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE